### EXPENSES OF LAST SICKNESS AND FUNERAL OF LIFE TENANT.

Circuit Court of Logan County.

JOHN T. KENNEDY AND HARRY KENNEDY, PARTNERS AS KENNEDY BROTHERS, v. JOHN A. PRICE AS ADMINISTRATOR DE BONIS NON, ETC., OF THE ESTATE OF MAGGIE L. HOVER, DECEASED. *

Decided, October 8, 1909.

*Estate Left for the Support for Life of the One Designated—Chargeable with the Expenses of Last Sickness and Funeral.*

Where the consort of a deceased husband or wife received the entire property of said decedent by virtue of a devise for his or her support during life with the remainder over, and said consort died leaving no estate, the expenses of his or her last sickness and funeral are a legal charge against the estate which passed to him or her for life.

---

*Affirmed without opinion, *Price, Admr.,* v. *Kennedy et al*, 83 Ohio State, 472.

DONNELLY, J.; NORRIS, J., concurs; HURIN, J., dissents.

This is an action brought by Kennedy Brothers against Judge Price, as administrator, to recover for the funeral expenses and last sickness, etc., of Mr. Hover. The petition is about as follows: that in November, 1907, said Washington Hover died; that Maggie L. Hover, by her will, after directing that all her just debts and funeral expenses and those of her last sickness and expenses of administration of her estate be first paid, said testatrix, by said will, bequeathed and devised all of her estate to her said husband, Washington Hover, named therein as executor, for life, coupled with the power of disposing of and using the same or any part thereof as he should deem best as the same should be necessary for his personal wants, necessities, comforts, etc., for and during the term of his natural life, and further provided that at the death of the said Washington Hover, all of the properties of said estate remaining unconsumed by the said Washington Hover should be applied to the payment of certain legacies therein named, amounting to nine hundred dollars, etc. The petition goes on and further alleges that after this time, Washington Hover died; and that the said John T. Kennedy and Harry Kennedy furnished the funeral expenses, coffin and such other things as were necessary for his proper burial; and brought an action against Judge Price, the administrator *de bonis non* of Maggie L. Hover, the party who made the will and whose property it was.

To this petition, the defendant filed a general demurrer and it was tried on that question and the demurrer was sustained. The plaintiffs not desiring to plead further, judgment was entered and such proceedings were had on the record that it is now presented to this court for review.

Washington Hover died without any property, having nothing to pay any of his debts with. This case was submitted by counsel on both sides without any authorities that are applicable to this case being cited. The only question that this court is called upon to decide is as to whether or not the funeral expenses of a person occupying a position or relation under the will

of a deceased wife is a necessary charge against her estate; in other words, are the funeral expenses such a charge, as for instance the expenses of his last sickness or doctor bills? That is denied and that is the only question in the case.

There is no authority that we could find, except I have a decision of the circuit court at Findlay. That court decided a case that is very similar and in all respects, according to our idea, with the one at bar. It is the case of *Charles et al* v. *Wachter, Administratrix.* A decision was rendered in the Circuit Court of Hancock County, Ohio, on the 24th day of June, 1901, by Judges Norris, Day and Mooney. The opinion is as follows:

"Anna Charles et al v. Mary Wachter, Administratrix.

"NORRIS, J.; DAY, J., concurs; MOONEY, J., dissents.

"The plaintiff in error as plaintiff below filed their petition making the numerous parties to the action for the partition of certain real estate which they say they together with the other parties named are the tenants in common as the children and only heirs of one Philip Rauen, deceased. They plead the necessary facts for partition and ask that such finding be had as that each may take his interest in severalty. Mary Wachter, as the administratrix of the estate of Lucy Rauen, deceased, files an answer in the action and says, that on the 18th day of June, 1871, one Philip Rauen died, testate, seized of the land described in the petition. By his last will, Philip Rauen gave to his wife, Lucy Rauen, now deceased, all his property both real and personal, of which he died seized during her natural life, to be used for her support, and after her death to be divided among his children according to the statute of descent and distribution. Said Lucy was made executrix of this will. Lucy Rauen, during her life, used and consumed for her support all of the personal property, and all of the rents and issues and profits of the real estate. and died leaving no estate except that which she received under said will.

"The expenses of the last illness of Lucy Rauen and her funeral expenses and cemetery charges amount to $116.50. and the costs of administration of her estate will amount to $20.

"The plaintiffs and defendants. except Mary Wachter, refuse to contribute to defray the expenses of the last illness and burial of Lucy Rauen.

"Mary Wachter presents and attaches to her answer a certificate from the probate court showing the amount necessary to

pay the charges recited in her answer, and she asks for an order to sell the real estate to obtain the sum necessary to pay said expenses, or that an amount be set apart and paid to her, sufficient to cover these expenses, out of the proceeds of any sale of said property.

"To this answer and cross-petition, plaintiff filed a general demurrer, which demurrer the trial court overruled. Plaintiffs not desiring to plead further to said answer and cross-petition, the court finds the allegations of the same to be true and declares the sum set out in the cross-petition to be a lien and charge on the premises described in the petition, and orders the same to be paid out of the proceeds of the sale of said premises. To this finding and judgment of the court, the plaintiff prosecutes error, because the court overruled said demurrer, that the court found the expenses of the last illness and funeral expenses of Lucy Rauen to be a lien on the premises described in the petition; that the court ordered that the same be paid out of the proceeds of any sale of said premises.

"By the allegations of this cross-petition, Philip Rauen gave, by his will, to his wife, Lucy, all of his property during her life to be used for her support. Now, what thought was the testator by this will giving this act? What did he mean by support—'for her support'? What had he in view when he used that word—'for her support'?

"As the court says in 62 O. S., 411, the will should be construed so as to give effect to the intention of the testator as fairly ascertained from consideration of all the provisions of the will and from his situation at the time. And it may well be added that the purpose of his bequest, when the purpose is given, and the situation and necessities of the object of his bounty were known to the testator, when the will itself indicates that he knew the situation and necessities present and prospective, as here, and made his will for the express purpose of meeting the situation and that which must inevitably follow—where all this appears it may all be kept in view when the court is giving construction to the will. Now, what was within the sight of Philip Rauen when he was seeking to make provision for the support of his wife, to supply her means of maintenance, to furnish her that which she would need out of his estate? He knew that his wife was alive and likely to long survive him. He knew that for support she was dependent upon his estate; he knew that her last sickness would come and her death and her burial: he knew that these things were not contingent, but were inevitable; they were there present and were a part and helped

to make the situation, for which he was then making provision. He did not intend to abandon her to charity in her last sickness; it was not his purpose to fix a document which would consign her body to the potter's field; a construction so shuddering and awful as this can not be contemplated. He intended his property should stand between his wife and a fate like this, and that she should take whatever estate in it was necessary to accomplish this, his intention. In other words, he intended that these things should be a charge upon his property, and so made them as plain as words could make them, and for such of his estate as was not so used, he made provision that it be divided among his children according to the law of descent and distribution.

"The court, by majority, are of the opinion the demurrer was properly overruled; the judgment of the common pleas is therefore affirmed at cost of plaintiff in error, and the cause is remanded for execution.

"Judge Mooney does not concur."

Now, following that case, using that as an authority for this case, I think the court below erred in sustaining the demurrer to the petition. It will therefore be reversed and remanded for such proceedings as required by law. To this conclusion Judge Hurin dissents.

Judge Hurin: I dissent, not because I don't think that ought to be the law, but I am unable to see, as yet, that it is the law.